IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON JERRY LANDRY, | § | |
| TDCJ #498142, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2168 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Clifton Jerry Landry (TDCJ #498142, former TDCJ #417714, #268825), is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Landry has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a 1971 state court conviction.  Landry has also filed a memorandum in support of his claims.  After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.    BACKGROUND

Court records reflect that Landry is currently serving a fifty-year prison sentence that he received in 1988, after a jury in the 262nd District Court of Harris County, Texas, found him guilty of forgery in cause number 507035.  *See Landry v. Collins*, Civil No. H-91-1137

S.D. Tex.).  Landry was eligible for punishment as a habitual offender in that case because the jury found that he had at least two prior felony convictions for forgery and theft.  The conviction was affirmed on direct appeal.  *See Landry v. State*, No. 01-88-00950-CR (Tex. App. — Houston [1st Dist.] Oct. 12, 1989).  Thereafter, the Texas Court of Criminal Appeals refused Landry's petition for discretionary review.

Landry has filed more than one unsuccessful petition for federal habeas corpus relief from his 1988 conviction.  *See Landry v. Collins*, Civil No. H-91-1137 (S.D. Tex.); *Landry v. Dretke*, Civil No. H-05-1249 (S.D. Tex.); *Landry v. Quarterman*, Civil No. H-08-2469 (S.D. Tex.).  Since his 1988 conviction was entered, Landry has been released on parole or mandatory supervision more than once, only to have his supervised release revoked.  *See Landry v. Johnson*, Civil No. H-98-2140 (S.D. Tex.); *Landry v. Dretke*, Civil No. H-05-0938 (S.D. Tex.).  Landry remains incarcerated at the Terrell Unit in Rosharon, Texas.

Landry does not challenge the revocation of his supervised release here.  Likewise, he does not challenge the 1988 conviction that resulted in the fifty-year prison sentence that he is now serving.  Instead, Landry seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction for forgery (or "unlawfully passing as true a forged instrument in writing") that was entered against him on October 8, 1971, pursuant to his guilty plea in cause number 153126.  Landry reports that the 178th District Court of Harris County, Texas, sentenced him to serve five years' imprisonment in that case.  Landry indicates that he did not pursue a direct appeal from that conviction.  He filed a state habeas

corpus application to challenge that conviction on December 30, 2009, which the Texas Court of Criminal Appeals denied on March 3, 2010. *See Ex parte Landry*, No. 8531-23.

In his pending federal habeas corpus petition, which is dated June 15, 2010, Landry contends that he is entitled to relief from his 1971 conviction for the following reasons: (1) there was a fatal variance or discrepancy between the indictment and the evidence presented in support of the conviction; (2) the judgment is defective because it does not identify the court or the trial judge; and (3) he was denied effective assistance of counsel, who failed to contest the State's "advisories" or make objections to the judgment. The Court concludes that Landry's petition must be dismissed for reasons that follow.

## II.   <u>DISCUSSION</u>

As a threshold matter, Landry does not allege facts showing that this Court has jurisdiction or that federal habeas corpus review is available for the 1971 conviction that he received in cause number 153126. Federal habeas corpus statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Landry does not meet that criteria here.

The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In this case, Landry attempts to challenge a conviction and sentence of five years' imprisonment that was entered against him on October 8, 1971. Landry does not allege any facts showing that he remains in custody pursuant to the

3

conviction in that case.  Because the sentence that Landry seeks to challenge was discharged long ago, this Court lacks subject matter jurisdiction to determine the legality of that conviction.  *See id.* at 492-93.

As noted above, Landry is serving a fifty-year sentence that he received in 1988, as the result of an indictment in cause number 507035, which was enhanced for purposes of punishment with two prior felony convictions.  It is not clear from the pleadings that the 1971 felony conviction was used to enhance the sentence that Landry received in 1988.  Even if it did, however, Landry may not challenge his 1988 sentence, or the enhancement thereof, in this case because court records confirm that he has already filed several unsuccessful habeas petitions to challenge that same conviction.  *See Landry v. Collins*, Civil No. H-91-1137 (S.D. Tex.) (dismissing with prejudice); *Landry v. Dretke*, Civil No. H-05-1249 (S.D. Tex.) (dismissing as untimely and successive); *Landry v. Quarterman*, Civil No. H-08-2469 (S.D. Tex.) (dismissing as successive).  Because Landry could have challenged the enhancement of his 1988 sentence previously, his request for additional review is precluded by 28 U.S.C. § 2244(b), which bars unauthorized, successive petition for federal habeas corpus review.

Landry does not otherwise allege facts showing that his 1971 conviction is open to attack.[1]  In that regard, the petition is patently untimely under the one-year statute of

---

[1]    The Supreme Court has recognized that, where a state conviction is no longer open to direct or collateral attack, a prior conviction is "conclusively valid" for purposes of enhancing an offender's punishment and a defendant "generally may not challenge the enhanced sentence
(continued...)

limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d)(1)(A).  Because the challenged conviction became final in 1971, long before the AEDPA went into effect on April 24, 1996, Landry had a one-year grace period to file his claims for relief in federal court.  *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (discussing a habeas corpus application filed under 28 U.S.C. § 2255).  In other words, Landry had until April 24, 1997, to seek federal habeas review.  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citation omitted).  Landry's pending petition, which is dated June 15, 2010, is late by more than thirteen years and he does not allege or show that a statutory or equitable tolling exception applies,  Accordingly, the petition is subject to dismissal for this additional reason.[2]

---

[1](...continued)

through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal quotation omitted); *see also Daniels v. United States*, 523 U.S. 374, 381-82 (2001) (explaining that "if, by the time of sentencing . . . a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence").  Thus, to the extent that the challenged 1971 conviction was used to enhance the punishment that he received in 1988, Landry fails to state a cognizable claim over which this Court has jurisdiction.  *See Coss*, 532 U.S. at 403-04; *Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005).

[2] In addition, the Court notes that Landry pleaded guilty in the challenged case.  By pleading guilty to an offense a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).  This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.  *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).  Landry does not allege or show that his 1971 guilty plea in cause number 153126 was involuntary and he does not fault his counsel's performance in connection with the guilty plea proceeding.  It follows that Landry does not articulate a constitutional

(continued...)

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

Based on the foregoing, he Court **ORDERS** as follows:

1.      The motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

---

[2](...continued)
violation or demonstrate that he is entitled to a federal writ of habeas corpus to challenge this state court conviction.  Because the petition is plainly time-barred, the Court does not address the merits further.

2.      This federal habeas corpus proceeding is **DISMISSED** for lack of jurisdiction. Alternatively, the petition is **DISMISSED** with prejudice as barred by the governing one-year statute of limitations.

3.      A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on June 24, 2010.

Nancy F. Atlas
United States District Judge